United States District Court
District of Massachusetts

```
_____
                                )
Certain Underwriters Subscribing)
to Policy No. 22M255222024,      )
                                )
          Plaintiff,            )
                                )       Civil Action No.
     v.                          )       25-12960-NMG
                                )
Worldwide Perishables            )
Enterprises, LLC, et al.,        )
                                )
          Defendants.            )
_____
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion to remand (Docket No. 14) of plaintiff Certain Underwriters Subscribing to Policy No. 22M255222024 ("Underwriters" or "plaintiff"). Plaintiff alleges that this case must be remanded to state court because, inter alia, not all defendants consented to its removal. For the following reasons, the motion will be allowed.

I.   Background

Plaintiff is the underwriter and insurer of a seafood company, East Coast Seafood, LLC ("ECS"), with respect to all cargo shipments relevant to this dispute. Defendants Evans Delivery Company, Inc. ("Evans"), Worldwide Perishables Enterprises, LLC ("Worldwide") and Cold Storage Solutions, Inc. ("CSS") (collectively, "defendants") were involved in the

-1-

multimodal transport of seafood cargo of ECS from Lakeville, Massachusetts, to Melbourne, Australia. During the Massachusetts leg of the trip, the shipment lost temperature control and the seafood was impaired. Plaintiff paid ECF's claim for the resulting damages.

As subrogee, plaintiff commenced this action in the Massachusetts Superior Court for Bristol County against defendants in August, 2025. In October, 2025, Evans filed a notice of removal with this Court based upon federal-question jurisdiction pursuant to 28 U.S.C. §§1331, 1441(a) and 1446. Pending before this Court is plaintiff's motion to remand on the grounds that 1) not all defendants consented to the removal of this action and 2) the Court does not have jurisdiction over the claims herein.

## II.  Motion to Remand

### A. Legal Standard

A defendant in a state court action generally may remove a case to any federal court that has original jurisdiction over the claims. See 28 U.S.C. §1441. A notice of removal must be filed within 30 days of the defendant receiving notice of the complaint. §1446(b)(1). If the action involves multiple defendants, all defendants who have been properly joined and served must consent to removal. §1446(b)(2)(A); Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009).

## B. Application

Plaintiff argues that remand is necessary because neither Worldwide nor CCS consented to removal. Evans does not dispute the unanimity requirement but instead argues that it was irrelevant here because 1) the subject defendants had not appeared or participated in the state court proceeding as of the notice of removal and 2) one co-defendant has since participated in the federal court case, implicitly offering its consent.

Evans is mistaken. Its argument overlooks the fact that Worldwide and CSS were served on September 10, 2025, only one day after Evans was served. In its Notice of Removal, Evans' counsel certifies that plaintiff and co-defendants were served with a copy of the Notice of Removal but there is no indication that co-defendants were contacted or consented beforehand. That Worldwide and CCS were silent in the state court proceeding does not constitute or negate the need for their consent to removal.

Evans' secondary argument, that the subsequent appearance and participation of Worldwide in the case in this Court constitute implied consent, also is unavailing. While Evans is correct that a party's participation in federal court may operate as implied consent to removal, such conduct still must occur within 30 days of receiving the complaint. See Esposito, 590 F.3d at 74. Worldwide did not act in federal court until October 22, 2025, 42 days after it was served. Moreover, even

-3-

if this Court were to accept Evans' implied-consent argument, remand is dictated due to the lack of any affirmative conduct from defendant CSS. See Doe v. McGuire, 289 F.Supp.3d 266, 270-71 (D. Mass. 2018).

Because Evans failed to secure the consent of its two co-defendants, both of whom had been served at the time it filed its Notice of Removal, Evans failed to comply with the removal requirements of 28 U.S.C. §1446 and the case will be remanded. Due to those procedural defects the Court declines to address the question of its jurisdiction over any substantive claims.

### ORDER

For the forgoing reasons, the motion to remand (Docket No. 14) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: April 24, 2026

-4-